UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BACK BAY SPAS, INC.<br><br>              Plaintiff,<br><br>v.<br><br>441 STUART STREET ASSOCIATES, LLC,<br>441 STUART STREET – VEF V, INC., and<br>441 STUART MARKETING, LLC,<br><br>              Defendants,<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION as Receiver for<br>CORUS BANK, N.A.,<br><br>              Necessary Party. | Civil Action No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that so denominated Necessary Party, Federal Deposit Insurance Corporation ("FDIC") as Receiver for Corus Bank, N.A. ("FDIC-Receiver"), by its attorneys, Lurie & Krupp, LLP, hereby removes this case to the United States District Court for the District of Massachusetts. As grounds for removal, FDIC-Receiver states as follows:

### Factual and Procedural Background

Plaintiff Back Bay Spas, Inc. commenced this action on or about September 27, 2006, in the Superior Court of the Commonwealth of Massachusetts, Civil Action No. 06-4044-A, seeking, *inter alia*, specific performance of an alleged agreement between Plaintiff and Defendant 441 Stuart Street Associates, LLC ("441 Stuart Street") to sell a certain condominium property (the "Property") to Plaintiff. A copy of Complaint is attached hereto as Exhibit A.

Corus, as lender to 441 Stuart Street and mortgagor of the Property, was named as a Necessary Party "solely because of its interest in the Premises, and to ensure that when specific performance is granted, Plaintiff will receive all rights to which it is entitled."

On April 28, 2009, Corus foreclosed on the Property and subsequently, 441 Stuart Marketing, LLC ("441 Stuart Marketing"), took title to the Property. Thereafter, the Bank and 441 Stuart Street each moved for summary judgment[1] and Plaintiff was granted leave to amend its Complaint to add 441 Stuart Marketing as a defendant. The Amended Complaint was filed on or about July 20, 2009. The Bank and 441 Stuart Street and 441 Stuart Marketing have filed answers to the Amended Complaint. Copies of the Amended Complaint, the Bank's Answer, 441 Stuart Street's Answer, and 441 Stuart Marketing's Answer are attached hereto respectively as Exhibits B-E.

On September 11, 2009, the Comptroller of the Currency closed Corus Bank, N.A. ("Corus Bank" or the "Bank") and appointed the FDIC as the Bank's receiver. A copy of the closing and appointment documents are attached hereto collectively as Exhibit F. Pursuant to 12 U.S.C. § 1821(c)(2)(A), the FDIC accepted the appointment and has acted in that capacity since that time. Upon its appointment, FDIC-Receiver succeeded by operation of law to all rights, titles, powers and privileges of Corus Bank, pursuant to 12 U.S.C. § 1821 (c)(3)(A).

Also on September 11, 2009, in order to protect depositors, the FDIC, FDIC-Receiver and MB Financial Bank, N.A. ("MB Financial"), Chicago, Illinois, entered into a purchase and assumption agreement ("P&A Agreement") pursuant to which MB Financial assumed all of the deposits of Corus. A copy of the P&A Agreement may be found at http://www.fdic.gov/bank/individual/failed/corus.html.

---

[1] Those motions are subject to the 90-day stay granted by the Superior Court.

2

By order dated November 12, 2009, the Superior Court of the Commonwealth of Massachusetts granted FDIC-Receiver's motion to substitute FDIC-Receiver as "necessary party" in place of Corus Bank, N.A. and, pursuant to 12 U.S.C. § 1821 (d)(12), to stay the action for 90 days.  A copy of that Order as entered is attached hereto as Exhibit G.

### BASIS FOR REMOVAL

This action is removable pursuant to 28 U.S.C. § 1441(b) which provides in relevant part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

Any civil suit in which the FDIC, in any capacity, is a party is "deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A); see also FDIC v. Cabral, 989 F.2d 525, 526 (1st Cir. 1992).  Therefore, this action is deemed to arise under the laws of the United States, and may in its entirety be removed.  See Buchner v. FDIC, 981 F.2d 816, 819 (5th Cir. 1993).

Further, FDIC-Receiver has a statutory right to remove cases in which it is a party from state court to federal court pursuant to the Financial Institution Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, § 209, 103 Stat. 183 et seq.  Specifically, 12 U.S.C. § 1819(b)(2)(B) provides in pertinent part:

> (B) Removal
> Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date of the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

The instant removal has been brought within the 90-day limitations period.  The FDIC was substituted as a party in this action by order dated November 12, 2009.  See Exhibit G. Ninety days from that date is February 10, 2010.  Because FDIC-Receiver is now a party to the

State Court action, the entire State Court action must be removed to the United States District Court for the District of Massachusetts.

A copy of this Notice of Removal is being promptly served on all parties and promptly filed with Clerk of the Suffolk Superior Court pursuant to 28 U.S.C. § 1446(d).

Venue properly lies with this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a), as this action is presently pending in the Massachusetts Superior Court, Suffolk County.

A copy of all process, pleadings and orders served by or upon FDIC-Receiver is attached hereto as Exhibits H-K as required by 28 U.S.C. § 1446(a).

WHEREFORE, the action now pending in Suffolk Superior Court is properly removed from that Court to United States District Court for the District of Massachusetts.

Dated:  February 10, 2010

        Respectfully submitted,

        FEDERAL DEPOSIT INSURANCE
        CORPORATION as Receiver for
        CORUS BANK N.A.
        By its attorneys,

        /s/ Sara A. Laroche
        David E. Lurie, BBO #542030
        Sara Laroche, BBO #652479
        LURIE & KRUPP, LLP
        One McKinley Square
        Boston, MA  02109
        (617) 367-1970
        slaroche@luriekrupp.com

*Of Counsel:*
Linda S. Charet, BBO #666031
Counsel
Federal Deposit Insurance Corporation
as Receiver for Corus Bank N.A.
350 Fifth Avenue - Suite 1200
New York, New York 10118
(917) 320-2853
lcharet@fdic.gov

## CERTIFICATE OF SERVICE

    I, Sara A. Laroche, hereby certify that on February 10, 2010, I served the above document upon all other parties by hand delivery.

                                          /s/ Sara A. Laroche
                                          Sara A. Laroche